# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DARRO ALSTON,
               Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
               Agency.

DOCKET NUMBER
DC-3443-14-0789-I-1

DATE: January 13, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Darro Alston, Hampton, Virginia, pro se.

Timothy M. O'Boyle, Esquire, Hampton, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision dismissing his appeal under the Veterans Employment Opportunities Act (VEOA) in which he alleged that the agency improperly rescinded a job offer.  Generally, we grant petitions such as this one only when:  the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant's appeal was based on an October 3, 2012 notice he received from the agency's VA Medical Center in Hampton, Virginia, rescinding the tentative job offer it had made him for the position of Time and Leave Clerk, GS-5, based on "FALSIFICATION of submitted information on your Declaration for Federal Employment." Initial Appeal File (IAF), Tab 1 at 1-4. The appellant challenged the agency's action, questioning the nature of the falsification to which the agency referred and indicating that he had learned that the job in question was given to a person "who was not a Vet." *Id.* at 2. He stated that he had filed other appeals with the Board that had been dismissed. *Id.* at 2.

¶3      The administrative judge issued a lengthy order in which she reviewed the status of the multiple prior appeals the appellant had filed regarding the agency's decision to rescind the job offer.[2] *Id.*, Tab 3. Notably, she referred to a VEOA appeal the appellant had filed in which he similarly alleged that the agency's

_____

[2] The administrative judge also noted the disposition of appeals the appellant had filed of other actions taken by the agency against him and other actions taken by other agencies against him. IAF, Tab 3.

decision to rescind the job offer at issue violated his veterans' preference rights. *Id.* at 3-4. The administrative judge noted that a different administrative judge had found in that case that the appellant did not timely raise the matter to the Department of Labor (DOL), that he failed to meet the standard for equitable tolling, and that his complaint to DOL was therefore untimely but that, in any event, he had failed to nonfrivolously allege that the agency violated his rights under a statute or regulation relating to veterans' preference when it rescinded the job offer and therefore his VEOA claim was dismissed for lack of jurisdiction. *Id.*; *Alston v. Department of Veterans Affairs*, MSPB Docket No. DC-3330-13-0555-I-1, Initial Decision at 2-6 (Jun. 5, 2013). That administrative judge also found that, to the extent the appellant was attempting to argue that the agency's rescission amounted to a negative suitability determination, he was barred by collateral estoppel from doing so. *Id.* at 6-7. The administrative judge in the instant case noted that that initial decision became a final decision of the Board when neither party filed a petition for review. IAF, Tab 3 at 4.

¶4      The administrative judge advised the appellant that the Board generally lacks jurisdiction over an employee's nonselection for a position or allegations concerning an agency's selection process and that it appeared that his nonselection and VEOA claims had already been decided. *Id.* at 5. She set out the requirements for res judicata and collateral estoppel, *id.*, and ordered the appellant to show cause why his appeal should not be dismissed, *id.* at 6. Subsequently, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 6, Initial Decision (ID) at 1, 6. She found, consistent with her earlier order, that the Board generally lacks jurisdiction over an employee's nonselection, and that that claim and the appellant's suitability and VEOA claims had been heard and decided. ID at 5-6. She concluded that, based on the doctrines of res judicata and collateral estopppel, those claims were barred and therefore not within the Board's jurisdiction. ID at 6.

¶5      In his petition for review, the appellant asks the Board to review his appeal which will reveal that "the agency did not follow the OPM rules." Petition for Review (PFR) File, Tab 1. The agency has responded in opposition to the appellant's petition. *Id.*, Tab 3.

¶6      It is well established that the Board generally lacks jurisdiction over an employee's nonselection. *Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 6 (2012). Moreover, to the extent that the appellant is again claiming that the nonselection violated his rights under VEOA, he is barred from raising that claim by collateral estoppel. That doctrine applies when (1) an issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party precluded was fully represented in the prior action. *Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988); *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 341 (1995). Collateral estoppel may bar a party from relitigating an issue in a second action even when, as here, the prior appeal was dismissed for lack of subject matter jurisdiction. *Peartree*, 66 M.S.P.R. at 338; *see Luecht v. Department of the Navy*, 87 M.S.P.R. 297, ¶ 16 (2000).

¶7      In the instant case, the appellant argues that the Board has jurisdiction under VEOA to review his claim that the agency violated his veterans' preference rights when it rescinded the job offer. The identical issue was raised and decided in the appellant's earlier dismissed appeal, which held that he failed to nonfrivolously allege that the agency violated his rights in that regard. *Alston v. Department of Veterans Affairs*, MSPB Docket No. DC-3330-13-0555-I-1, Initial Decision at 6 (Jun. 5, 2013). Thus, the issue was actually litigated in the prior appeal. *See Banner v. United States*, 238 F.3d 1348, 1354 (Fed. Cir. 2001) (the "actually litigated" element is satisfied when the issue was "properly raised by the pleadings, was submitted for determination, and was determined"). The determination of whether the Board had jurisdiction over the appellant's VEOA

claim was necessary to the dismissal of the prior appeal. Finally, the appellant has fully represented himself in both appeals. *See Fisher v. Department of Defense*, 64 M.S.P.R. 509, 515 (1994) (a party's pro se status does not preclude the application of collateral estoppel; the "fully represented" requirement is satisfied when the party to whom collateral estoppel is applied has had a full and fair chance to litigate the issue in question). Thus, the administrative judge properly found that the doctrine of collateral estoppel bars the appellant from relitigating the Board's jurisdiction over this VEOA claim. *See Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶ 9 (2003). To the extent the appellant is attempting to relitigate the suitability issue, we find that he is similarly barred by collateral estoppel from doing so.[3]

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

---

[3] It appears that the administrative judge also relied upon res judicata to preclude the appellant from relitigating this matter. ID at 6. That theory is inapplicable, however, as none of the appellant's numerous appeals was decided on the merits. *Peartree*, 66 M.S.P.R. at 337. However, based on our finding above that the administrative judge properly found that the appellant's appeal is properly precluded by collateral estoppel, any such error did not prejudice the appellant's substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                           _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.